ROEMKE, Respondent, vs. HOME MUTUAL INSURANCE COMPANY, Appellant.

*March 31—June 22, 1936.*

For the appellant there was a brief by *A. H. Eberlein* of Wausau, *Adolph P. Lehner* and *Lehner & Lehner* of Oconto Falls, and oral argument by *Adolph P. Lehner*.

For the respondent there was a brief by *Leonard F. Schmitt,* and oral argument by *Mr. Schmitt* and *Mr. Donald F. Schnabel,* both of Merrill.

The following opinion was filed April 28, 1936:

FOWLER, J. The action is one to recover for a loss sustained under a hail insurance policy issued by a mutual insurance company, the policyholders of which are members of the company. The policy was mailed to the plaintiff by the company upon its receipt of his application. By its terms it ran for five years from June 7, 1934. On August 18, 1934, a hailstorm destroyed property of the insured. There is no dispute as to the loss or proofs. The defense is that the policy was not in force at the time of the loss.

A soliciting agent of the company solicited the plaintiff for renewal of existing insurance that was about to expire. The company, until sometime previous to the issuance of the policy in suit, had required the payment of the premium for the entire term of the policy and a fee of $1.50, called a policy fee, which went to the soliciting agent as compensation for his services, to be paid upon making an application, and the by-laws of the company and the terms of the policies provided that, in case the insured should fail to pay his premium and policy fee within sixty days from the date of the application he should "stand suspended and forfeit his rights" under his policy until his policy fee and premium should be paid to the secretary of the company. Previous to the issuance of the policy in suit, the company's by-laws were changed to provide for the payment of the premium in six instalments, ten cents per hundred when the policy was issued, and the remainder at stated periods thereafter. The plaintiff's application was for a policy of the latter kind. The policy issued was written on a form applicable to a policy providing for a payment of the entire premium on signing of the application, and, to make the policy issued conform to the one applied for, there was stamped on the

policy the following: "Deferred payment policy conditions. The assured hereby agrees to make the following premium payments: Ten cents per hundred when the policy is issued;" and the remainder at stated subsequent periods. The plaintiff only paid the $1.50 policy fee on signing the application, and was told by the soliciting agent that the first instalment of premium to be paid would be $6, which included $1 for hail insurance, was supposed to be paid within thirty days, and he should pay it when he received notice from the company. The plaintiff received no notice, and had not paid the instalment when the loss occurred. No other instalment had yet become due. When the company sent the policy to the plaintiff it charged the soliciting agent with the $6 premium, which he was supposed to collect and send with the application. It did not cancel the policy until February 15, 1935, when it credited the agent with $6.

The company contends that, by failure to pay the instalment of premium within sixty days, the policy automatically suspended and was not in force when the loss occurred. The trial court held that the sixty-day provision in the body of the policy did not apply to policies calling for payment of the premium in instalments, because such policies did not require the payment of the premium within sixty days, and contained no provision that a default in payment of an instalment for sixty days should suspend the policy, and that, by reason of this and the fact that credit was extended to the agent for the premium, the policy remained in force until it was canceled by the company. Credit was in fact given and the company had power to extend credit. It is true, as claimed by the company, that under the terms of the policy giving credit would not constitute a waiver of the sixty-day provision, if that provision applied, unless a writing to that effect was indorsed on the policy. But the sixty-day provision did not apply, construing the policy in suit as modified by the rider most favorably to the insured, as we are required to construe it by familiar rule. That provision by the terms of the body

of the policy applied to a policy calling for payment in advance of the entire premium covering the full term of the policy, and the policy in suit is not such. In absence of a provision that the policy should not be in force until the first instalment of premium should be paid, the unconditional delivery of the policy constituted it a binding contract of insurance. *Hartwig v. Ætna L. Ins. Co.* 164 Wis. 20, 158 N. W. 280. The company concedes the policy was in force for sixty days. On not receiving the first instalment of premium within that period it might have protected itself from liability, had it wished to do so, by canceling the policy under a clause therein entitling it to do so upon five days' notice to the insured. Having failed to use means possessed by it to absolve itself from liability, it cannot justly ask the court to absolve it.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on June 22, 1936.